994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
George C. RAY, Jr., Petitioner,
v.
DIRESTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
Associated Electric Cooperative, Inc.; United States
Fidelity and Guaranty Company, Intervenor.
 No. 92-2651.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 2, 1993.
Filed: May 7, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 George C. Ray, Jr., petitions pro se for review of the order of the Benefits Review Board (BRB) affirming an Administrative Law Judge's (ALJ) order denying benefits on a claim he filed under the Black Lung Benefits Act, 30 U.S.C. §§ 901-962 (1988). We affirm.
 
 
 2
 The BRB reviews the ALJ's decision for prejudicial legal errors and to determine whether the ALJ's factual findings are supported by substantial evidence in the record as a whole. Campbell v. Director, OWCP, 846 F.2d 502, 506 (8th Cir. 1988). To ensure that the BRB adhered to its standard of review, we examine the ALJ's factual findings and the record. If the ALJ's decision was supported by substantial evidence and was made in conformity with applicable laws, the decision is conclusive even if other inferences could be drawn from the facts. Risher v. Office of Workers Compensation Program, F.2d 327, 330 (8th Cir. 1991) 940.
 
 
 3
 Because Ray filed his claim after March 31, 1980, the ALJ and BRB properly analyzed it under Part 718 of the regulations, which provides four ways to establish pneumoconiosis: by chest x-rays, by biopsy, by presumption, or by a reasoned medical opinion. Id. at 329. A thorough review of the record reveals that the ALJ accurately and sufficiently summarized all relevant medical evidence submitted by the parties. We do not agree with the Director that the ALJ failed to consider the diagnosis of "minimal anthracosis" in Dr. Crouch's pathology report. The ALJ, who stated that he had thoughtfully considered all exhibits or documents appearing in the record, described the report at length and relied on Dr. Crouch's statements that there were no coal dust macules, the interstitial changes did not suggest pneumoconiosis, and there was no histologically discernible coal workers' pneumoconiosis.
 
 
 4
 The Director also notes that it neglected to provide Ray with a complete pulmonary examination when he filed his benefits claim. The Office of Workers' Compensation Programs must develop medical evidence necessary for a determination of a claimant's entitlement to benefits. See 20 C.F.R. § 718.101 (1992); see also Cline v. Director, OWCP, 917 F.2d 9, 11 (8th Cir. 1990). The Director acknowledges, however-and we agree-that Ray and his employer developed a considerable amount of medical evidence addressing all areas of entitlement. Moreover, Ray is now aware of the Director's offer to provide him with an examination, but has essentially declined that opportunity. We think that no useful purpose would be served in remanding for another pulmonary examination.
 
 
 5
 We conclude that the ALJ's decision was supported by substantial evidence and is in accordance with the law.
 
 
 6
 Accordingly, we affirm.